**SHIG YASUNAGA**
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### OFFICE OF THE CLERK

TEL: 217.492.4020
FAX: 217.492.4028

April 15, 2019

Juwan Moore #Y21806
Menard Correctional Center
PO Box 1000
Menard, IL 62259

  RE: Moore v. Cooley, et al
     Case No. 18-3142

Dear Juwan Moore:

  NOTICE IS HEREBY GIVEN that a motion for summary judgment has been filed (d/e 47). See, Fed.R.Civ.P.56. Please be advised that you have **twenty-one (21)** days from the date of service to respond to the motion. If you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner, 689 F. 2d 100 (7th Cir. 1982); Timms v. Frank, 953 F. 2d 281 (7th Cir. 1992).

  When a motion for summary judgment is made and properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P 56(e)(attached).**

          s/Shig Yasunaga
          Shig Yasunaga
          Clerk, U.S. District Court

cc:  all counsel

Peoria Division
100 N.E. Monroe St.
Room 309
Peoria, IL 61602
309.671.7117

Urbana Division
201 S. Vine St.
Room 218
Urbana, IL 61802
217.373.5830

Springfield Division
600 E. Monroe St.
Room 151
Springfield, IL 62701
217.492.4020

Rock Island Division
211 19th St.
Room 203
Rock Island, IL 61201
309.793.5778

Federal Rules of Civil Procedure

RULE 56 Summary Judgment

**(a)** **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b)** **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c)** **Procedures.**

    **(1)** **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2)** **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3)** **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

    **(4)** **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d)** **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    **(1)** defer considering the motion or deny it;

    **(2)** allow time to obtain affidavits or declarations or to take discovery; or

    **(3)** issue any other appropriate order.

**(e)** **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    **(1)** give an opportunity to properly support or address the fact;

    **(2)** consider the fact undisputed for purposes of the motion;

    **(3)** grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

    **(4)** issue any other appropriate order.

**(f)** **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

    **(1)** grant summary judgment for a nonmovant;

    **(2)** grant the motion on grounds not raised by a party; or

    **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g)** **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

**(h)** **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.